## STATE OF NORTH DAKOTA, Respondent, v. OSCAR RUNNING, Appellant.

(208 N. W. 231.)

**Rape — definition of rape under statutes of this state.**

1. Under the statutes of this state the statutory offense of rape, without force, upon a female under the age of consent is divided into three degrees: (1) Rape in the first degree, (2) rape in the second degree, and (3) rape in the third degree. The age of the defendant is the sole determinative factor in fixing the degrees of the crime. To constitute rape in the first degree the defendant must be twenty-four years of age or over; to constitute rape in the second degree the defendant must be over twenty and under twenty-four years

Note.—(1) Statutory Rape, defined, see 22 R. C. L. 1172.

of age; and to constitute rape in the third degree the defendant must be under twenty years of age.

**Rape — instructions eliminating accused's age from consideration in fixing degree of rape held error.**

2. In the instant case, it is held, for reasons stated in the opinion, that the trial court erred in its instructions to the jury by, in effect, eliminating from the jury's consideration the question of defendant's age as a determinative factor in fixing the degree of the crime.

Opinion filed March 17, 1926.

Rape, 33 Cyc. p. 1419 n. 27; p. 1426 n. 80 New; p. 1453 n. 14 New; p. 1454 n. 26 New; p. 1501 n. 11; p. 1514 n. 71 New.

Appeal from the District Court of Grand Forks County, *Englert,* J.

Defendant was convicted of rape in the first degree and appeals from the judgment of conviction.

Reversed.

*George A. Bangs,* for appellant.

*J. B. Wineman,* State's Attorney, for respondent.

PER CURIAM. Defendant was convicted in the district court of Grand Forks county of rape in the first degree, and appeals from the judgment of conviction.

The questions raised by appellant involve a consideration of the following statutory provisions:

"Rape is an act of sexual intercourse, accomplished with a female not the wife of the perpetrator, under either of the following circumstances:

1. When the female is under the age of eighteen years.

2. When she is incapable, through lunacy or any other unsoundness of mind, whether temporary or permanent, of giving legal consent.

3. When she resists, but her resistance is overcome by force or violence.

4. When she is prevented from resisting, by threats of immediate and great bodily harm, accompanied by apparent power of execution.

5. When she is prevented from resisting by an intoxicating, narcotic or anesthetic agent, administered by or with the privity of the accused.

53 N. Dak.—57.

6. When she is at the time unconscious of the nature of the act, and this is known to the accused.

7. When she submits under the belief that the person committing the act is her husband, and this belief is induced by artifice, pretense or concealment practised by the accused, with intent to induce such belief." Comp. Laws 1913, § 9563.

"No conviction for rape can be had against one who was under the age of fourteen years at the time of the act alleged, unless his physical ability to accomplish penetration is proved as an independent fact and beyond a reasonable doubt." Comp. Laws 1913, § 9564.

"Rape is rape in the first degree:

1. In all cases in which the person committing the offense is twenty-four years of age, or over, at the time of the commission of the offense, and

2. In all cases in which the offense is committed under the conditions described in subdivisions 2, 3, 4, 5, 6 and 7 of § 9563, or either of them, and in which the person committing the offense is twenty years of age, or over, at the time of the commission of the offense.

Rape is rape in the second degree:

1. In all cases in which the offense is committed under the conditions described in subdivisions 2, 3, 4, 5, 6 and 7, of § 9563, or either of them, and in which the person committing the offense is seventeen years of age and under twenty years of age at the time of the commission of the offense; and

2. In all other cases in which the person committing the offense is twenty years of age and under twenty-four years of age and the female is under eighteen years of age at the time of the commission of the offense.

Rape in the first degree shall be punished by imprisonment in the state penitentiary for not less than one year.

Rape in the second degree shall be punished by imprisonment in the state penitentiary for not less than one year, or, in case the defendant is a minor, either by imprisonment in the state penitentiary for not less than one year or by commitment to the state reform school for not less than one year in the discretion of the court." Laws 1915, chap. 201.

"Rape if committed by a person under twenty years of age at the time of the commission of the act and under the conditions described in Subdivisions 2, 3, 4, 5, 6, and 7 of § 9563, or either of them, or in other cases with the apparent consent of the female, and she is under the age of eighteen years, is rape in the third degree and any person found guilty thereof shall be punished by confinement in the Reform School for a term of not less than one, nor more than three years, in the discretion of the court." Laws 1917, chap. 193.

From the record transmitted on this appeal, it appears that after this appeal had been taken, defendant applied to the trial court for a settlement of the statement of case, and, also, moved for a new trial. Both applications were denied. The correctness of the rulings are not involved; but the result is that the case comes before us for review only upon the judgment-roll proper.

From the record transmitted to this court it further appears that the defendant was arrested upon a criminal complaint filed in a justice's court charging the defendant with rape in the third degree; that he waived preliminary examination, and was held to answer the charge in the district court of Grand Forks county; and that thereafter a criminal information was filed against the defendant in said district court. The charging part of such information is as follows:

"That heretofore, to wit: on the 20th day of April in the year of our Lord one thousand nine hundred and twenty-two within the county of Grand Forks in said state of North Dakota, one Oscar Running late of said county of Grand Forks and state aforesaid did commit the crime of rape in the third degree committed as follows, to wit:

That at the said time and place the said Oscar Running did wilfully, unlawfully, and feloniously, ravish and carnally know, and have sexual intercourse with one Nina Nilsen, she the said Nina Nilsen, being then and there a female under the age of eighteen years, to wit: at the age of sixteen years, and not then and there being the wife of the said Oscar Running.

This contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of North Dakota."

In the instructions to the jury the trial court, at the very outset, stated that the information charged the defendant with "the crime of

rape in the first degree." In its instructions the court read § 9563, supra, and thereupon said:

"I have read to you the entire section of our code defining rape in its various forms. Under the evidence in this case, only the first sub-division of this Statute is applicable here, and in order that you may clearly understand the same, I will re-read that part which applies here:

" 'Rape is an act of sexual intercourse, accomplished with a female not the wife of the perpetrator, under either of the following circumstances:

" '1. When the female is under the age of eighteen years.'

"Under our statute, 'rape is rape in the first degree in all cases in which the person committing the offense is twenty-four years of age, or over, at the time of the commission of the offense,' and the girl on which the offense is committed is under eighteen years of age, and is not the wife of the accused.

"It is the policy of our law, as expressed in the statute, that any female under the age of eighteen years, not the wife of the accused, shall be incapable of consenting to the act of sexual intercourse, and that any one committing an act of sexual intercourse with a girl under the age of eighteen years, not his wife, shall be guilty of rape, not-withstanding he obtained her actual consent. So, in this case, should you find that this girl was under the age of eighteen years at the time the act of sexual intercourse took place, and that the defendant had sexual intercourse with her on or about the 20th day of April, 1922, in Grand Forks county, North Dakota, and that she was not his wife at said time, then the fact that she consented thereto or not is immaterial."

Later in its instructions the court said:

"The sole and only question before you for determination is: did the defendant, Oscar Running, have sexual intercourse with Nina Nilsen on or about the 20th day of April, 1922, and was the said Nina Nilsen then and there under the age of eighteen years, and not the wife of the defendant. . . ."

"Two forms of verdict will be submitted to you. One, should you find that the state has established the guilt of the defendant to your satisfaction beyond a reasonable doubt, on all the elements that I have

heretofore mentioned and explained, would read substantially as follows: We, the jury impaneled and sworn to try the above entitled action, find the defendant guilty, as charged in the information, of rape in the first degree.

"Should you, however, find that the state has not established the guilt of the defendant to your satisfaction beyond a reasonable doubt, or you have a reasonable doubt as to his guilt or innocence, then you will find another form of verdict, which will substantially read: We, the jury, impaneled and sworn to try the above entitled action, find the defendant not guilty."

It is contended by the defendant that the court erred in its instructions to the jury in authorizing the jury to return a verdict finding the defendant guilty of rape in the first degree. It is further contended that under the information in this case the defendant could not be found guilty of any higher degree of crime than rape in the third degree. In answer to this contention plaintiff asserts that at or prior to the trial the information was amended so as to change the charge therein from rape in the third degree to rape in the first degree. In his brief the defendant admits that an application was made by the plaintiff for leave to amend the information so as to change the name of the offense charged to rape in the first degree and that the trial court granted leave to make such amendment. Defendant, however, contends that although leave was granted to amend that no amendment was actually made, either by filing new information or by interlineation of the old one. As already indicated, no statement of case has been settled. And in the absence of a statement of case we are, of course, unable to determine what actually transpired in the district court.

We find it unnecessary to consider the various questions predicated upon the information or the amendment thereof; for we are entirely satisfied that the court erred to the prejudice of the defendant in its instructions to the jury, and that, hence, the judgment must be reversed and the cause remanded for a new trial. Under the instructions no option was given; if the jury found that the defendant did "have sexual intercourse with Nina Nilsen on or about the 20th of April, 1922, and that said Nina Nilsen was then and there under the age of eighteen years and not the wife of the defendant," they must find the

defendant guilty of rape in the first degree. Nowhere was the jury informed that the defendant might be found guilty of a lesser degree of crime than rape in the first degree. Only two forms of verdict were submitted,—one finding the defendant guilty of rape in the first degree, and the other finding him not guilty. There was no instruction to the effect that the jury must find that the defendant was over the age of twenty-four years at the time the alleged unlawful act was committed in order to return a verdict of guilty. Error is assigned upon the instructions so given as well as upon the refusal to give certain instructions relating to the question of the defendant's age. While we are not prepared to say that the requested instructions on this phase of the case were in all respects correct, they did serve to call the court's attention to the proposition that the defendant could not be guilty of rape in the first degree unless at the time of the commission of the alleged crime he was over the age of twenty-four years.

It will be noted that under our statute an act of sexual intercourse accomplished with a female under the age of eighteen years and not the wife of the perpetrator, is always rape; but the act may be rape in the first, second or third degree. The degree depends solely upon the age of the defendant. If the defendant is over the age of twenty-four years of age it is rape in the first degree; if he is over twenty and under twenty-four years of age it is rape in the second degree, and if he is under twenty years of age it is rape in the third degree. Section 10,888, Comp. Laws 1913, provides: "whenever a crime is distinguished into degrees the jury, if they convict the defendant, must find the degree of the crime of which he is guilty." According to the plain language of this statute it is the function of a jury, in a prosecution of rape, to determine the degree of the crime. How is the jury to determine such degree? Obviously, by a consideration of the evidence in light of the statutory rules governing the degrees of the crime.

In a prosecution for statutory rape proof on the part of the state that the defendant did have sexual intercourse with the prosecutrix within the county, within the limitation of the time within which a prosecution might be commenced, and that the prosecutrix was then and there under the age of eighteen years and not the wife of the defendant, establishes a prima facie case of rape; but it does not establish the degree of the crime. If no proof were offered as to the age

of the defendant it might be rape in the first, second or third degree. The only presumption which arises against the defendant by proof of the commission of the act is that he had capacity to commit it. But capacity to commit has no bearing on the degree as fixed by our statute. Certainly no presumption arises, from the fact that the defendant is shown to have committed statutory rape, that at the time of the commission he was over twenty or twenty-four years of age. Under our law a male person under the age of fourteen is presumptively incapable, and one over that age presumptively capable, of committing rape. Hence, the only presumption that arises from proof of commission of the offense is capacity to commit it. Hence, the question of capacity to commit is a matter of defense and need neither be alleged nor proven in the first instance. But we do not believe that this is true, under our statute, as regards the question of the age of the defendant as a determinative factor in fixing the degree of the crime. Thus, obviously, a male over the age of nineteen and yet under the age of twenty is presumptively as capable of committing the crime of rape as one over twenty or over twenty-four years of age, and yet mere allegation and proof that the defendant is over the age of nineteen years is clearly not sufficient to enable the court or jury to fix the degree of crime as rape either in the first or second degree. Under such allegation and proof the defendant might be under twenty years or he might be over twenty years and under twenty-four, or he might be over twenty-four years of age. In other words, he might be guilty of rape in the first, second or third degree. We are of the opinion that, under our statute, in a prosecution for the statutory offense of rape without force the age of the defendant going to the degree of the crime, as distinguished from the age going to his capacity to commit the crime at all, is an essential fact to be established by the evidence and to be considered by the jury in fixing the degree of the crime. This being so, it is a question of fact which must be submitted to and determined by the jury. Comp. Laws 1913, § 10,770. And under an information charging the commission of rape in the first degree a verdict may be returned finding the defendant guilty of a lesser degree. State v. Bancroft, 23 N. D. 442, 137 N. W. 37.

The instructions in this case, in effect, ignored the question of defendant's age. There is nothing to indicate that there was any evi-

dence whatsoever bearing upon the age of the defendant. Certainly the instructions did not submit to the jury the question of defendant's age as a determinative element to be considered by them in fixing the degree of the crime. While the court in its instructions alluded to the statutory definition of rape in the first degree, we think, the instructions as a whole must have convinced the jury that the only question for them to determine was whether they were satisfied beyond a reasonable doubt that the defendant had had sexual intercourse with Nina Nilsen at the time and place charged in the information, and whether she at that time was under the age of eighteen years and not the wife of the defendant. We believe that under the instructions the jury must have believed that if they found these facts in favor of the prosecution, it was their duty to bring in a verdict finding the defendant guilty of rape in the first degree, even though they were of the belief that at the time of the commission of the alleged offense the defendant was, in fact, under the age of twenty-four years.

The judgment appealed from is reversed and the cause remanded for further proceedings pursuant to law.

CHRISTIANSON, Ch. J., and JOHNSON, BURKE, BIRDZELL, and NUESSLE, JJ., concur.